**Jatinder KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75151.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2007.*

Filed July 2, 2007.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jatinder Kaur ("Kaur"), a Sikh from the Punjab region of India, petitions for review of an order by the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and deferral of removal under the Convention Against Torture ("CAT").

We review the record to see if substantial evidence supports the IJ's finding of petitioner's adverse credibility based on his determination that petitioner had not "provided sufficient evidence to establish her identity on this record." We can reverse only if petitioner proves the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (noting that "[t]o reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels it*"); *see also Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir.2007). Because the BIA adopted the IJ's adverse credibility findings, we review the IJ's findings under the same standard. *Id.* We find that the discrepancies regarding petitioner's passport and her journey into the United States provide substantial evidence to support the IJ's adverse credibility finding.

Although we agree with petitioner that her testimony otherwise established she was statutorily eligible for asylum, the IJ found petitioner's testimony not credible regarding, *inter alia*, her identity and her journey to the United States. The IJ articulated a legitimate basis to question petitioner's credibility and offered "specific, cogent reasons for disbelief as required under our law." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). These credibility findings go to necessary elements of her asylum application, including identity and the date she first entered the United States. *Id.* Eligibility for asylum depends on the credible establishment of these elements. 8 U.S.C. § 1158(d)(5)(A)(i). We must therefore defer to the IJ's credibility findings and uphold the denial of asylum relief. *Id.* "[W]e do not reverse the BIA simply because we disagree with its evaluation of the facts, but only if we conclude that the BIA's evaluation is not supported by substantial evidence." *Aruta v. INS*, 80 F.3d 1389, 1393 (9th Cir.1996) (internal quotation marks omitted).

Regarding her identity, the IJ found petitioner not credible because (1) in her passport photograph she was wearing a bindi, which the IJ posited meant she was married, and in court she was not wearing one and admitted she had never been married; (2) her passport listed a named individual as her spouse, yet she admitted she had never been married; and (3) the passport stated Kaur had an identifying mark on her left foot, but in court the petitioner testified she had no identifying mark on her left foot, she had one on her left hand. When confronted in court with these contradictions, petitioner said that she had been engaged at the time her passport was issued, but her fiancé had broken off the engagement, and that the notation about where her identifying marks was to be found was simply a typographical error.

With regard to the bindi, the IJ's finding cannot stand. Petitioner testified that women in India wear a bindi once they become engaged, and there is no evidence in the record that Sikh women wear a bindi only if they are married. Therefore, this finding appears to have been based on

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

conjecture, which is not a proper basis for an adverse credibility finding. *See Kaur v. Ashcroft*, 379 F.3d 876, 886–87 (9th Cir. 2004).[1]

But the passport clearly states that petitioner has a "spouse" and that the identifying mark is on her left foot, not hand. Both "spouse" and "foot" are specific words with specific meanings. Petitioner did not make any argument, nor present any evidence, that in her native language the word "spouse" includes a "fiancé," nor that "foot" could mean "hand." Although petitioner's explanations provided one possible interpretation of the evidence, the IJ was within his discretion to reject those explanations as implausible and rely on the plain meaning of these unambiguous words. These discrepancies are material to petitioner's claim, not because it matters whether petitioner was married or not, nor does it matter whether she has a mark on her left foot or hand. What matters is whether petitioner is the person listed on the passport, and in the other documentation submitted to support her claim for asylum, as Jatinder Kaur. If petitioner is not in fact Kaur, then all the testimony and documents about what happened to Kaur are irrelevant to the ultimate question whether this petitioner proved her eligibility for asylum. Petitioner's evidence regarding her identity is not "so compelling that no reasonable factfinder could find" petitioner was not credible. *Farah*, 348 F.3d at 1156 (citation omitted). Accordingly, we cannot reverse the IJ's adverse credibility determination regarding petitioner's identity.

Petitioner also described her journey to and across this country, ending in San Jose, California. During her testimony, petitioner testified she drove from a city in Washington State—probably Seattle—to San Jose. When questioned as to whether this drive took more or less than three hours, petitioner answered "less." Even her counsel could argue only that she must have been confused, and conceded that such a journey would take at least twelve hours. Given the distance between the two cities, there was little else counsel could do. The IJ was within his discretion to find that anyone who had made that journey would know it takes more than three hours and, consequently, petitioner must not have testified credibly when she said she made that drive. Here again, although it does not matter how long it takes to drive from Seattle to San Jose, the discrepancy in petitioner's testimony is important because it provides even more substantial evidence that petitioner did not testify in a credible manner at her hearing.

Accordingly, we find these discrepancies, when considered as a whole, constitute substantial evidence to support the IJ's adverse credibility finding and denial of asylum. *Farah*, 348 F.3d at 1156. We find this case to be closer to *Farah* than *Kaur* overall. In *Farah*, the IJ rejected the petitioner's explanation that inconsistencies in his father's name were due to a clerical error, and rejected his account of his journey to the United States. This court held the IJ was within his discretion to do so. *Id.* In *Kaur*, by contrast, the IJ rejected a petitioner's explanation that inconsistencies in the spelling of her own name were due to cultural differences and translation mistakes. The IJ's speculation that such cultural differences did not exist was based on pure conjecture, rather than evidence in the record or the implausibility of the petitioner's explanation. *Kaur*, 379 F.3d at 886–87. Here, the IJ's adverse credibility determination was based on the plain meaning of the words used on the passport, and the implausibility of the peti-

---

1. This case involved a different Kaur than the petitioner here.

tioner's story regarding her journey here in the United States, which even her counsel was forced to concede at the hearing.

Petitioner's statements admitted to establish a right to withholding of removal and CAT relief were the same statements as those she made to establish a right to asylum, which the IJ and BIA deemed not credible. *Farah,* 348 F.3d at 1157. Because we affirm the IJ's credibility finding as to petitioner's identity for purposes of denial of asylum, we also affirm the IJ's denial of withholding of removal and CAT relief. *Id.*

The stay of voluntary departure shall continue until issuance of the mandate. *See Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004).

**DENIED.**